UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:15CV00069 AGF |
| DAWNE YOUNG, et al., | ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This action is before the Court on Plaintiff's motion for default judgment against Defendant Dawne Young d/b/a Down Under ("Down Under"). Plaintiff brought this action seeking declaratory judgment against Down Under and Patricia Young, in her capacity as legal guardian for Daniel Pashia. Plaintiff, an insurance company, seeks a declaration that an incident in which Pashia was injured at Down Under was not covered by Plaintiff's insurance policy with Down Under, and that, therefore, none of the Defendants may make claims against it for defense, indemnification, or contribution arising from the incident.[1] Defendant Pashia, through his guardian Patricia Young, timely filed an answer in this case, but Down Under has not. On March 9, 2015, a Clerk's Entry of Default was entered against Down Under.

---

1     Prior to the inception of Plaintiff's action for declaratory judgment, Patricia Young instituted a Missouri state court action against Down Under on behalf of Daniel Pashia, claiming that Pashia's injuries resulted in part from the negligence of Down Under employees. As of the time of this Memorandum and Order, Atlantic Casualty Insurance Company is not a party to that case. *See Pashia v. Young*, Cause No. 14JE-CC00975, in the Circuit Court of Jefferson County, Missouri.

Plaintiff now seeks default judgment against Down Under, in the form of declarations from the Court that: (1) Plaintiff's insurance policy with Down Under does not apply to the incident in which Pashia was injured; (2) Plaintiff has no obligation to defend or indemnify Down Under in this matter; (3) Defendants Down Under and Patricia Young shall be forever barred from asserting any claim against Plaintiff relating to this matter; and (4) Plaintiff shall be awarded the costs it incurred in bringing its action for declaratory judgment.

The Court recognizes that default judgments are not favored by courts, and the entry of such should be a "rare judicial act." *Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1009 (8th Cir. 1993). Though Plaintiff only moves for default judgment as to Down Under, the declarations sought in Plaintiff's motion would necessarily affect the claims and arguments that Defendant Pashia, through guardian Patricia Young, may raise against Plaintiff. Thus, after careful consideration, the Court will deny without prejudice this motion for default judgment to avoid the possibility of inconsistent results in this case. *See Angelo Iafrate Const., LLC v. Potashnick Const., Inc.*, 370 F.3d 715, 722 (8th Cir. 2004) ("When co-defendants are similarly situated, inconsistent judgments will result if one defendant defends and prevails on the merits and the other suffers a default judgment."); *Pfanenstiel Architects, Inc. v. Chouteau Petroleum Co*., 978 F.2d 430, 433 (8th Cir. 1992) ("When there are multiple defendants who may be jointly and severally liable for damages alleged by plaintiff, and some but less than all of those defendants default, the better practice is for the district court to stay its determination of damages against the defaulters until plaintiff's claim against the nondefaulters is resolved."); *United Fire & Cas. Ins. Co., v. Thompson*,

1:09-CV-51 LMB, 2010 WL 561578, at *2 (E.D. Mo. Feb. 10, 2010) (denying an insurance company's motion for default judgment without prejudice as to one defendant in a multiple-defendant case, where the claims against similarly-situated non-defaulting defendants were not yet resolved).

Accordingly,

**IT IS HEREBY ORDERED**, that Plaintiff's motion for default judgment against Defendant Dawne Young d/b/a Down Under is **DENIED without prejudice**. (Doc. No. 14.)

**IT IS FURTHER ORDERED** that the Clerk's Office shall serve a copy of this Order on Defendant Dawne Young d/b/a Down Under, at the address on file.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 11th day of March, 2015.